Chester R. Ostrowski, Esq. (#019652009)
Lee S. Shalov, Esq.*
Brett R. Gallaway Esq.*
Jason S. Giaimo, Esq.*
**McLAUGHLIN & STERN, LLP**
1 Elm Street, Suite 2
Westfield, New Jersey 07090
Tel.: (908) 894-6001
costrowski@mclaughlinstern.com
* *Pro Hac Vice* Admission Anticipated

*Attorneys for Plaintiff Ava Lawrey and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AVA LAWREY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ava Lawrey ("Plaintiff"), on behalf of herself and all other similarly situated persons, by and through her undersigned counsel, alleges upon personal knowledge as to herself and upon information and belief as to other matters (which is based on, among other things, her experiences at Defendant's facility, review of Defendant's records, conversations with Defendant's employees, and investigation of her counsel), as follows:

### NATURE OF ACTION

1. Plaintiff brings this action on behalf of herself and all other similarly situated current and former hourly flight attendants ("Flight Attendants") of Defendant United Airlines, Inc. ("Defendant") who worked for Defendant in New Jersey seeking redress for Defendant's

systematic failure to compensate Plaintiff and Flight Attendants for all hours worked.

2. More specifically, Defendant is one of the largest airlines in the United States, operating extensive domestic and international routes across the United States and the globe, generating over $57 billion annually, and employing approximately 28,000 Flight Attendants and 100,000 employees.

3. Despite generating billions of dollars in annual profit, Defendant employs a systematic, company-wide practice depriving Flight Attendants of compensation for all hours worked, including overtime at the applicable overtime rate for hours worked in excess of forty hours in a week.

4. As further set forth herein, Defendant maintains a uniform corporate policy and practice of paying Flight Attendants on an hourly basis only for work performed during "actual" flight time, which is defined as the time from the closing of the aircraft door at the beginning of a flight until the door is opened at the end of a flight. As a result, Defendant fails to pay Flight Attendants any sums for a multitude of principal work activities that are routinely performed outside of actual flight time, including but not limited to: (i) appearing and checking in at the airport at lest one hour before a scheduled flight; (ii) completing pre-flight documentation; (iii) waiting at the gate; (iv) pre-flight staff meetings; (v) checking safety equipment and inventory; (vi) boarding passengers onto the plane; (vii) providing customer service to passengers before the aircraft door closes and the plane begins its departure; (viii) assisting passengers in exiting the plane; (ix) traveling through customs and/or security; and (x) waiting time during flight sequence layovers.

5. Defendant's illegal and improper wage practices, which are uniform throughout Defendant's facilities and have been known to Defendant for years, have deprived Flight

Attendants of millions of dollars in wages and overtime compensation.

6.       For these reasons, Plaintiff brings this action on behalf of herself and other Flight Attendants to recover unpaid wages, overtime compensation, damages, penalties and reasonable attorneys' fees and costs under New Jersey Wage and Hour Law ("NJLL"), including 34:11-56a, *et seq.* and N.J.A.C. 12:56, *et seq.*

## JURISDICTION AND VENUE

7.       This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This is a proposed class action in which: (a) there are 100 or more members in the proposed class; (b) at least some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

8.       This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the NJLL state law wage and hour claims because those claims derive from a common nucleus of operative fact.

9.       Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## THE PARTIES

**Plaintiff**

10.      Plaintiff Ava Lawrey is a resident of Jersey City, New Jersey and is a former Flight Attendant for Defendant.  Plaintiff was employed by Defendant primarily operating out of Newark Liberty International Airport ("Newark Airport") in Newark, New Jersey from in or around July 2023 through in or around July 2025.  Plaintiff was most recently paid a rate of approximately

3

$30.00 per hour.

11. Plaintiff's job duties as a Flight Attendant included, among other things, compliance with aviation safety regulations; ensuring passenger safety, including during the boarding and deplaning process, as well as during flights; providing customer service, including during the boarding and deplaning process, as well as during flights; conducting safety checks; demonstrating emergency procedures; serving meals and beverages; assisting passengers with special needs; and ensuring passenger comfort, including during the boarding and deplaning process, as well as during flights.

12. At all times throughout her employment with Defendant, Plaintiff was an hourly employee, regularly working for Defendant at Newark Airport in New Jersey.

13. Plaintiff is not currently in possession of the records necessary to determine all of the hours she worked for Defendant in New Jersey, for which she was paid less than the applicable overtime rate. Those records should be in Defendant's possession and will be sought in discovery during the action.

14. To the best of Plaintiff's knowledge and recollection, she estimates that she typically worked approximately 12 hours per shift, including approximately 2-4 hours per shift for which she was not compensated at all. For example, on numerous occasions throughout her employment, Plaintiff worked 6 days in a row. During those weeks, Plaintiff estimates that she worked 72 hours, including at least 12-24 hours for which she did not receive any compensation, let alone compensation at the applicable overtime rate for hours worked in excess of 40.

15. In particular, to the best of Plaintiff's knowledge and recollection, she routinely worked in excess of forty hours in given weeks throughout December 2023 and January 2024.

16. Throughout her employment, Plaintiff would arrive at Newark Airport at least 1

hour prior to the scheduled departure time, and oftentimes 1 hour and 30 minutes prior to the scheduled departure time, in order to go through security, check in at her gate, and undergo the pre-flight meeting with the crew. However, she was not compensated for any of this additional time.

17. Likewise, after the plane arrived at its destination, Plaintiff assisted customers with de-boarding and participated in a de-brief with other employees, but was not paid for this additional time. Nor was Plaintiff paid for the additional time she spent deplaning herself and walking to her means of transportation to leave the airport.

18. Frequently, Plaintiff worked shifts in which she would arrive at a destination and have to wait for hours before boarding another plane. During this wait time, Plaintiff could not leave the facility and was required to assist customers with any inquiries they may have. Plaintiff was on-call at all times during these periods, but was not paid for any of this work time.

19. As further set forth herein, Plaintiff routinely performed work for Defendant for which she was not compensated for, including overtime at the applicable rate for hours worked in excess of forty hours per week.

20. As a Flight Attendant, Plaintiff could not exercise independent judgment or control over the daily and overall operations of the areas in which she worked. Plaintiff could not hire or fire other Flight Attendants. Plaintiff also could not set the schedules of other Flight Attendants, and could not pick and choose her particular job assignments during any given shift, but rather was assigned assignments by her supervisors. Despite this lack of independent discretion, throughout her employment, Plaintiff was not properly compensated for all hours worked.

**Defendant**

21. Defendant is a Delaware corporation with its principal place of business located at

233 S. Wacker Drive, WHQCT – 14th Floor, Chicago, Illinois 60606.

22.     Defendant's largest hub is located at Newark Airport in Newark, New Jersey. This airport serves as a critical node in Defendant's East Coast and transatlantic network.

## **FACTUAL ALLEGATIONS**

23.     Defendant employs over 1,000 Flight Attendants based out of Newark Airport.

24.     Defendant hired Plaintiff and all other Flight Attendants and promised to pay hourly wages for all hours worked. Defendant, however, systematically failed and refused to compensate Plaintiff and Flight Attendants for all hours worked.

25.     At all times during the relevant period, Defendant only paid Flight Attendants for "actual" flight time, which is defined as the time from the closing of the aircraft door at the beginning of a flight until the door is opened at the end of a flight.

26.     As a result of Defendant's "actual" flight time policy and practice, Defendant fails to pay Flight Attendants any sums for a multitude of principal work activities that are routinely performed outside of actual flight time, including but not limited to:

(a)     The hours that Plaintiff and the Class spent appearing and checking in at the airport at least one hour before a scheduled flight;

(b)     The hours that Plaintiff and the Class spent completing pre-flight documentation;

(c)     The hours that Plaintiff and the Class spent waiting at the gate before boarding the flight;

(d)     The hours that Plaintiff and the Class spent participating in pre-flight staff meetings;

(e)     The hours that Plaintiff and the Class spent checking safety equipment and

6

inventory;

(f) The hours that Plaintiff and Class members spent boarding passengers onto the plane;

(g) The hours that Plaintiff and Class Members spent providing customer service to passengers before the aircraft door closes and the plane begins its departure;

(h) The hours that Plaintiff and Class Members spent assisting passengers in exiting the plane;

(i) The hours that Plaintiff and Class Members spent traveling through customs and/or security, which is required for Plaintiff and Class Members to perform their job duties; and

(j) The hours that Plaintiff and Class Members spent waiting during flight sequence layovers.

27. During these unpaid, non-flying work hours, Plaintiff and the Class were required to be at their prescribed work site, *i.e.*, the plane to which they were assigned, Newark Airport, or the gate at which the plane to which they were assigned was scheduled to arrive.

28. During these unpaid, non-flying work hours, Plaintiff and the Class were required to be in uniform, and to abide by Defendant's policies, practices, and procedures.

29. Because they were in uniform and on duty, Plaintiff and the Class were required to address any passenger concerns, perform pre-flight duties, and (in the case of delayed flights) provide regular water services to passengers during these non-flying work hours.

30. Moreover, Plaintiff and the Class were subject to discipline if they were accused of violating Defendant's policies and practices during these non-flying work hours.

31. Plaintiff and the Class were not at liberty to use these non-flying hours for their own purposes. Thus, the unpaid non-flying work hours belonged to, and were controlled by

Defendant.

32. As a result of Defendant's "actual" flight time policy, Defendant failed to pay Plaintiff and the Flight Attendants for the hundreds (if not thousands) of hours that they worked for Defendant in New Jersey.

33. Although Plaintiff is not currently in possession of the records necessary to determine all of the hours she worked for Defendant in New Jersey for which she was not paid, to the best of Plaintiff's knowledge and recollection, Plaintiff worked an average of 12-24 unpaid hours per week in New Jersey during her employment, including time spent working above forty hours in a week for which she did not receive overtime pay at the rate of one and one-half times her regular rate of pay.

34. Defendant's pay policies and practices are the same for all Flight Attendants, and apply to each Flight Attendant in the same manner.

35. Based on Plaintiff's observations, recollections, and conversations with other Flight Attendants during her employment, Plaintiff is aware that other Class members similarly worked unpaid hours each week and likewise did not receive overtime compensation for all hours worked in excess of forty hours in a week.

36. Indeed, on many occasions, the non-flying hours that Plaintiff and the Class were required to work resulted in hours over forty per week.

37. At all relevant times, Defendant knew or through the exercise of reasonable diligence should have known that Plaintiff and Flight Attendants worked substantial hours each shift for which they were no paid, and that its failure to pay Plaintiff and Flight Attendants violated applicable New Jersey law. As such, Defendant's actions were willful.

38. Accordingly, Plaintiff seeks certification of the following Class:

> All Flight Attendants who are or were employed by Defendant in New Jersey within 6 years preceding the filing of this action and were not properly compensated for all time worked, including time worked over forty hours per week at the applicable overtime rate.

## CLASS ALLEGATIONS

39. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

40. Plaintiff brings this action on her own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Excluded from the Class is Defendant, its legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Defendant. Also excluded are persons who submit timely and otherwise valid requests for exclusion from the Class.

41. Defendant employs more than 1,000 Flight Attendants, and it systematically fails and refuses to pay Flight Attendants for all compensable hours worked. The members of the Class are so numerous that joinder of all members in one proceeding is impracticable.

42. Plaintiff's claims are typical of the claims of other Class members because Plaintiff was a Flight Attendant who was not compensated for work performed at Defendant's request and direction as a result of Defendant's uniform "actual" flight time policy and practice.

43. Plaintiff and other Class members have sustained similar types of damages as a result of Defendant's failure to comply with the New Jersey wage and hour laws.

44. Plaintiff and other Class members have been injured in that they have been uncompensated or undercompensated due to Defendant's common policies, practices, and patterns of conduct.

45. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has

retained counsel competent and experienced in complex class actions and wage and hour litigation. There is no conflict between Plaintiff and the Class.

46. Common questions of law and fact exist as to the Class that predominate over any questions solely affecting them individually, which include, but are not limited to, the following:

(a) Whether Defendant failed and/or refused to pay Plaintiff and the Class for all compensable time that they worked for Defendant;

(b) Whether Defendant failed and/or refused to pay Plaintiff and the Class overtime at the applicable rate for hours worked in excess of forty per workweek;

(c) Whether Defendant engaged in a pattern and/or practice in New Jersey of forcing, coercing, and/or permitting Plaintiff and the Class to perform work for Defendant's benefit which was not compensated;

(d) Whether Defendant's policy of failing to pay Flight Attendants for any time other than "actual" flight time was instituted willfully or with reckless disregard of the law; and

(e) The nature and extent of class-wide injury and the measure of damages for those injuries.

47. Class treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Members of

the Class are readily identifiable from Defendant's own records.

48. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual members of the New York Class that would establish incompatible standards of conduct for Defendants.

49. Without a class action, Defendant will retain the benefit of its wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the Class.

50. Plaintiff intends to send notice to all members of the Class pursuant to Federal Rule of Civil Procedure 23.

## FIRST CAUSE OF ACTION

### VIOLATION OF NEW JERSEY WAGE AND HOUR LAWS – UNPAID WAGES
(On behalf of Plaintiff and the Class)

51. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

52. Plaintiff and all other members of the Class were employed by Defendant within the meaning of New Jersey Statutes Annotated ("N.J.S.A.") § 34:11-56a1(h).

53. Defendant was an employer of Plaintiff and the Class within the meaning of N.J.S.A. § 34:11-56a1(g).

54. Pursuant to N.J.S.A. § 34:11-56a1-56a30 and N.J.A.C. 12:56-5.2, Plaintiff and the Class were entitled to compensation for all hours worked at their regular rate of pay, which must be at least at the applicable minimum wage. Time worked includes, *inter alia*, all of the time the employee is required or permitted to be at his or her place of work.

55. Employers who violate N.J.S.A. § 34:11-56a shall be liable for the unpaid wages and may be liable for an additional amount equal to not more than 200 percent of the amount of the unpaid wages, plus costs and reasonable attorneys' fees. *See* N.J.S.A. § 34:11-56a25.

56. Defendant, however, employed a policy and practice of refusing to compensate Plaintiff and the Class for all hours worked by only compensating Plaintiff and the Class for "actual" flight time, despite that Plaintiff and the Class performed substantial work activities for Defendant beyond just "actual" flight time.

57. As a result of its company-wide practice and policy of only compensating Plaintiff and the Class for "actual" flight time, Defendant violated N.J.S.A. § 34:11-56a and N.J.A.C. 12:56-5 by failing to pay Plaintiff and the Class wages for all time that they worked, including at the applicable minimum wage.

58. Because Defendant knew, or through the exercise of reasonable diligence, should have known, that its "actual" flight time policy violated New Jersey State Wage and Hour Law, Defendant's violations were willful.

59. Based on the foregoing, Defendant is liable to Plaintiff and the Class for unpaid wages, unpaid minimum wage, liquidated damages, attorneys' fees, costs, and interest in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF NEW JERSEY WAGE AND HOUR LAWS – UNPAID OVERTIME**
**(On behalf of Plaintiff and the Class)**

60. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

61. Pursuant to N.J.S.A. § 34:11-56a(4) and N.J.A.C § 12:56-6.1, Plaintiff and the Class were entitled to overtime compensation at the rate one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

62. As a result of its company-wide practice and policy of only compensating Plaintiff and the Class for "actual" flight time, Defendant violated N.J.S.A. § 34:11-56a(4) and N.J.A.C §

12:56-6.1 by failing to pay Plaintiff and the Class minimum wage for all time that they worked.

63. Because Defendant knew, or through the exercise of reasonable diligence, should have known, that its "actual" flight time policy violated New Jersey State Wage and Hour Law, Defendant's violations were willful.

64. Based on the foregoing, Defendant is liable to Plaintiff and the Class for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ava Lawrey, individually and on behalf of the Class, seeks the following relief:

1. Designation of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and prompt issuance of notice to all Class members apprising them of the pendency of the action and the ability to request exclusion;

2. Appointment of Plaintiff Ava Lawrey as the class representative of the Class;

3. Appointment of Plaintiff's counsel as Class Counsel for the Class;

4. An award of damages, according to proof, to Plaintiff and the Class for unpaid minimum wages, unpaid straight wages, and unpaid overtime wages, in addition to liquidated damages;

5. An award of attorneys' fees pursuant to *See* N.J.S.A. § 34:11-56a25;

6. An award of pre-judgment and post-judgment interest as provided by law;

7. An award of costs incurred herein, including expert fees;

8. An award of injunctive relief to prevent against future wage and hour violations; and

9. All such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed to preserve all physical and electronic information pertaining in in any way to Plaintiff and Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Instagram, WhatsApp, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

## NOTICE PURSUANT TO N.J.S.A. § 34:11-4.1

Defendant is hereby put on notice that pursuant to the provisions of N.J.S.A. § 34:11-4.1, Plaintiff and the Class intend to charge and hold personally, jointly and severally liable, the officers and managers of Defendant for all wages due and owing to Defendant's employees for services performed by them and Plaintiff has expressly authorized the undersigned, as her attorney, to make this demand on her behalf.

Dated: New York, New York
September 15, 2025

McLAUGHLIN & STERN, LLP

By: */s/ Chester R. Ostrowski*
    Chester R. Ostrowski
    Lee S. Shalov
    Brett R. Gallaway
    Jason S. Giaimo
1 Elm Street, Suite 2
Westfield, New Jersey 07090
Tel.: (908) 894-6001
costrowski@mclauhglinstern.com
lshalov@mclauhglinstern.com
bgallaway@mclauhglinstern.com
jgiaimo@mclaughlinster.com
*Attorneys for Plaintiff and the Class*